IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID SWETT,                              :

        Plaintiff,                  :   Case No. 3:07cv017

  vs.                                       :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

        Defendant.                  :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR STATED PURPOSE; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On September 14, 2007, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed and that the captioned cause be remanded to the Defendant Commissioner for the purpose of obtaining

Vocational Expert ("VE") testimony as to whether, during the February 18, 2004, hearing, the jobs the VE identified in response to the Administrative Law Judge's hypothetical question are consistent with the Dictionary of Occupational Titles and, if not, whether there is a significant number of jobs in the economy which Plaintiff was able to perform prior to the expiration of his insured status.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #13) and in the Defendant's Response (Doc. #15) to Plaintiff's Objections (Doc. #14) to that judicial filing, as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner for the purpose of obtaining VE testimony as to whether, during the February 18, 2004, hearing, the jobs the VE identified in response to the Administrative Law Judge's hypothetical question are consistent with the Dictionary of Occupational Titles and, if not, whether there is a significant number of jobs in the economy which Plaintiff was able to perform prior to the expiration of his insured status at midnight on June 30, 2003.  In so ruling, the Court concludes that the Commissioner's decision that

Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  The Plaintiff's Objections to said judicial filing, to the extent that they seek a remand for the payment of benefits (Doc. #14), are overruled.  Accordingly, the decision of the Defendant Commissioner is reversed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made.  This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence."  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and

Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's

application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     While it is tempting to remand for the payment of benefits, upon a theory that the Defendant Commissioner failed on his burden of showing that there is a significant number of jobs in the economy which Plaintiff was able to perform, prior to the expiration of his insured status, the Court is satisfied that a remand for such purposes would be in error.  While no one disputes that the Administrative Law Judge failed to follow the applicable Social Security ruling by not affirmatively inquiring as to whether the jobs identified by the VE were consistent with the Dictionary of Occupational Titles, and that the VE identified jobs that appeared to conflict with Plaintiff's residual functional capacity, this Court, upon review, agrees with the Magistrate Judge that not all of the factual issues have been resolved and the record does not establish Plaintiff's entitlement to benefits.  A remand to the

Defendant Commissioner to obtain additional VE testimony to determine whether any conflict exists with Plaintiff's Residual Functional Capacity, the VE's testimony and the Dictionary of Occupational Titles is in order.  See Magistrate Judge's Report and Recommendations (Doc. #13 at 18-19).  In short, all factual issues have not been resolved and the record does not adequately establish Plaintiff's entitlement to benefits.  A remand for the purposes above mentioned, accordingly, is required. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Plaintiff's Objections to said judicial filing, to the extent they seek a remand for the payment of benefits (Doc. #14), are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and remanding the captioned cause to the Defendant Commissioner for the purpose of obtaining VE testimony as to whether, during the February 18, 2004, hearing the jobs the VE identified in response to the Administrative Law Judge's hypothetical question are consistent with the Dictionary of Occupational Titles and,

if not, whether there is a significant number of jobs in the economy which Plaintiff was able to perform prior to the expiration of his insured status.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

| February 26, 2008 | /s/ Walter Herbert Rice |
|---|---|
| | WALTER HERBERT RICE, JUDGE |
| | UNITED STATES DISTRICT COURT |

Copies to:

Carla Lauer, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.